The next case is 2007-1482 Traffix Devices v. Lakeside Plastics Mr. Anderson, whenever you're ready Give Mr. Grossman an opportunity to sit Gary Anderson, Appellant, Traffix Devices, Inc. This morning we have before this panel five issues arising from the lower court the district court's case and the patent case Three of them involve claim construction issues The first is the construction of the term knob in the 673 patent The second issue is the construction of the term axially, upwardly, in Claim 1 of the 673 patent Our third claim construction issue is the language regarding a portion of in Claim 1 of the 712 patent We also have an issue of the district court's ruling that FESTO precluded the application of the doctrine of equivalence to both the knob and shaft limitations And we also have the issue of the district court's ruling that a tangential exception to FESTO did not apply, and again, Traffix was precluded from asserting the doctrine of equivalence On the knob issue, the device that's alleged to infringe the 673 patent, is it 423 of the appendix? Is that correct? I think it's a document, the accused device is shown in documents 13 and 14 Yes, 423 423, ok So, you make a good argument that the district court adopted an incorrect construction of knob in the sense of requiring that it be large enough so that there could be a full hand grip But, as I understand this case, both you and the appellee agree that the purpose of the knob was to prevent the hand from slipping off the shaft, right? Correct So how could this possibly infringe that limitation because the knob up there at the top in this picture is very small?  here in the courtroom, your honor and as Lakeside has conceded in their position is they have two shafts Where's the knob? The knob is when you cut it in half The knob is this portion that would be here So if you grab the shaft, like the claim calls for with full hand gripping, this will keep your hand from coming off And again, on the infringement side The knob and the cross piece? Well, that's our contention, but your honor with respect to what this court is doing is just charged with the claim construction There is a settlement agreement No, we're not No, we're not Well, I believe that You had summary judgment on this issue against you We review it de novo If we conclude that the district court was right for the wrong reason, we can still affirm That's true, your honor But there is a settlement agreement between the parties that provides that if this court accepts our claim construction the defendant stipulates that their device infringes So that is why in the briefs the issue, the way it was phrased was just on the claim construction But that's under DOE Pardon? That would be under the Doctrine of Equivalence Well, there's two In the consent judgment that's in the appendix and it's document 41 In the consent judgment it's provided that if the court rules that we are entitled to apply argue the Doctrine of Equivalence on the 673 patent then the defendant stipulates they infringe That's in the consent judgment But we're not talking about Doctrine of Equivalence, right? We're talking about literal infringement There is a settlement agreement between the parties in which Lakeside has stipulated or is a condition on the settlement agreement that if this court adopts our construction for now that they literally infringe They have agreed in the settlement agreement that they will be bound by a finding of literal infringement if this court adopts our claim construction And I realize that Lakeside's brief in pointing that out they did a lot of arguing on a non-infringement issue but really, given the stature of the case with the consent judgment and the separate settlement agreement Where's the stipulation? Where do we find that? The settlement? The settlement agreement? The settlement agreement was not part of the record of the joint appendix But the consent judgment is, and that says if we're entitled to Doctrine of Equivalence that they would infringe under that That's in the consent judgment But again, the parties have reached a settlement that if you adopt our claim construction proposed claim construction or not that they infringe There would be literal infringement? Yes And again, I think the brief I think we've laid out why the construction of the knob that the court arrived at is improper It really has nothing to do with the size of gripping because the whole point of the patent is to grab by the handle the shaft to be able to grip and you're not lift by the knob The next issue would be the court's construction of the shaft limitations in the 673 patent wherein the shaft is axially oriented and extends axially upward The court came down with a split construction of the term axially We have the same term and the same claim in the first instance Yeah, but maybe it means the same thing in both places Well, that could be In our position it does mean the same thing in both places But it could mean the same thing in both places and require that it be at the center It could What's the problem with that? Well, because then I believe you're unduly narrowing the scope of the claim There's nothing in the record that would compel to limit it The patent is entitled to the broadest scope of the claim One definition that we assert is that it just means generally parallel or in the direction of the axis That fits the understanding of axially It's in the dictionary definition That's what the court found We have a situation where there are two dictionary definitions One favors you One favors them One says it has to be at the center One says sort of around the center basically, right? Correct So under those circumstances in the cases we look to the specification to see which one is most consistent with the specification And here every single depiction of this invention description of this invention in the specification shows it at the center So why don't we adopt the dictionary definition that says it should be at the center? Because I think if you do that you're unduly limiting it to the preferred embodiment and there's nothing in the record I think this court has held No, but the cases say that if there are alternative dictionary definitions we look to the specification to see which is most consistent Why isn't the dictionary definition that says it's at the center most consistent with the specification here? Under that analysis I'd have to concede it would be the most consistent but I still think you're unduly narrowing the scope of the claim if you do that because it can encompass a broader thing where the shaft is off-centered it doesn't have to be on the center Why go beyond the specification to the dictionary then? Because first I think you start off with the general understanding of the term is actually as those I think would understand it it doesn't automatically imply on the axis of the cone it can be in the direction up I think that's an accepted definition that people would understand that they're not automatically going to limit it to the definition of on the cone Is that a portion of ordinary skill in the art looking at that claim? Is that what they would interpret actually to mean? I think anybody would interpret that yes your honor actually I think has a broad enough understanding would encompass both versions But the center axis you'd be considering wouldn't you? Wouldn't it be the center of the axis? Pardon? Wouldn't it be the center axis of the cone? No I would argue it would not that it would it's broader in scope the term actually is not limited to one skill in the art would not limit it to that understanding on the axis It might be of standing alone the first part standing alone but it says and extending axially upwards so then that kind of defines what the first Well our position your honor would be that that that is you're using two things on the first hand what the district court found or the lakeside argued is that the first one is directional and the second usage is positional and I don't think they're there I think they are Well you can if you put them both together you come to only one definition it's got to be on the axis That's lakeside's position That's true You want you want the first part to stand alone don't you? I think I want I would say we contend actually just means in the direction of the axis Yeah Standing alone That's correct If you didn't have the last part in it might be correct The last part may be redundant but it's not intended to alter the meaning of the first part or the first usage of the term Why not? It says the shaft has to be axially oriented and extending axially upward I know that's what it says Okay Again our position is that the first one was axially means in the direction which the district court found the second one doesn't change it It's maybe redundant but it doesn't change the meaning of axis Could I take you to the 712 patent? Sure And there's this question of this meaning of the word portion and they point to parts of the specification particularly column 5 of the 712 patent which seems to say this invention involves a unique handle configuration which makes the cone self-spacing So under legal floor shine and other cases where you describe the invention as involving a particular configuration shouldn't we construe portion to mean the handle? None of this instance are on it because this patent is related to the 699 and in that one there is a claim where they describe claim 1 there calls for the projecting portion to be above the body clearly talking about the handle here claim 1 in the 712 in the first clause of the claim has the handle as a limitation the patent wanted to limit the portion of the cone that engaged the inside of the upper cone they could have said handle but you agree that in the 699 they used the word portion to refer to the handle correct? yes except in that case that claim element specifically says that the portion is located above the body of the cone in 712 it doesn't specify that the portion is located above the body of the cone it's a broader claim it should not be limited it was limited in the one instance but it was not limited in the second instance in the 712 and I see I'm in the rebuttal time thank you Mr. Anderson we'll give you a full rebuttal time Mr. Grossman thank you your honor please the court traffic and lakeside have different opinions about that settlement agreement my recollection of the settlement agreement is not that the district court's claim interpretation is reversed that we agree to infringement I think it was on document equivalence I don't understand why you don't include the settlement agreement in the joint appendix so we can see what's going on that's a major error I think in not including all of the material that you're now arguing before the court I think maybe you should submit it as a supplemental disclosure after the oral argument would you send it in please yes supplement the record in addition to the definition now the now still has to extend actually   does it have to be the central axis or can it be the axis on the side too there's no limitation to the central axis is there it just says actually extending their front upwardly it says actually oriented and then it says extending actually upwardly on the body of the cone I think the dictionary definition of axis when you're dealing with a cone is something that's in the center yes I agree that the dictionary will show that too no not on this point on what's an axis an axis of a cone I agree with that do you agree with the dictionary definition I agree with the dictionary definition of the dictionary definition of axial is the center of the cone no no no the dictionary definition axis is the center of the cone axis there are two different dictionary definitions of axial one is basically exactly at the axis the other one is around it so one of them favors you one of them favors them when you get to the dictionary definition of axial my experience is for the dictionary that's what I did when I got the case I spoke to what is axial my initial interpretation is lined up with the axis and then other people may disagree I spoke to the specification see what the inventor meant that's the only thing discussed in the specification in the chapter spoke to the 712 patent portion has to be the handle that the specification is clear that that's the portion of the delineator that creates the self spacing not limiting the claim to the specification but the prosecution history was pretty clear too in distinguishing over the given patent that the most significant part of the invention using those terms was the handle creating the standoff between the two delineators to prevent the sticking and jamming and the self spacing and from a logical standpoint if it can be any portion of the delineator when delineators are stacked it's always going to be a portion of the bottom delineator abutting the interior surface of the top delineator it's physics of cones that are stacked so in essence what the result would be would be any delineator with the 5.5 inch handle because that's what the claim itself would really just be limited to a delineator with a 5.5 inch handle and I don't think that's way too broad of a claim and consistent with the specification in the prosecution history and if we go back to the 732 application that's what the initial claims were they were the parent application they tried to be very broad with the big handle and they couldn't they had to whittle them down to where they got them and now with this interpretation traffic is trying to get back the very very broad interpretation of basically a delineator with a 5.5 inch handle which is consistent with the prosecution history would any handle which would extend the top of the cone suffice at that point in other words you have a handle which would be in the center or on the side so either one would suffice to prevent the delineators from improperly stacking the handle has to be long enough depending upon the angle of the of the top delineator I think it's a combination of the of the cone yeah I think it's a combination of the interior the angle of the interior surface of the cone and the length of the handle of when the handle would touch the configuration of the delineators may be that they're on the inside of the delineator and the handle would touch in fact lakeside's first delineator the handle did touch on the inside yeah by mistake and they changed it they just changed the configuration of the delineator so that it wouldn't touch the angle of the interior of the cone so that they were stacked the handle would not touch the interior surface of the top of the delineator but that's probably dependent also on the sides of the cones too the angles of them right yes because basically you would be able to stack them even without the handle but they might get stuck together yes there's lakeside's position that the claim does require the handle to abut the interior surface of the top delineator to prevent the sticking and jamming that's what the spec says and most importantly that's what the prosecution history says in extinguishing the prior to get the patent once you make those clear unmistakable statements to get the patent they're part of the patent you can't attempt to recapture a broader interpretation I don't think the prosecution history helps you very much because it's not saying that other ways of doing this are not within the patent it just says this is we've come up with a good way of doing it it's a sort of short of a clear and unmistakable disclaimer I think you've got better support in the specification you agree by the way that the district court's construction of the term knob was wrong right? I don't I wrestled with this very very candidly I think the interpretation with the explanation that followed it was right in that it has can I show if you have a shaft that has a width it's a rounded does start off the court does start off by saying it's not a rounded protuberance that has a width larger than the width of the handle the logic being if the handle has a certain width and the function of the knob is to prevent the hand from slipping off of the shaft then by definition the knob has to have a larger width than the shaft otherwise the hand would come off of the shaft the knob wouldn't stop the hand from slipping off the shaft and if the shaft has a certain width by definition the handle has to have a larger width to prevent the hand from slipping off the shaft but that's not his construction seems like the correct construction but that's not his must be the shaft must be gripped by the entire hand according to the claim language and if the knob must prevent the hand from slipping off the shaft and the shaft has to be gripped by the entire hand then the knob also has to be otherwise it's going to be too small to prevent the hand from slipping off the shaft I think that's where the court was going but the claim does require the shaft to be gripped by the entire hand  has to be larger than the shaft or it can't prevent the hand from slipping off the shaft so if the shaft has to be gripped by the entire hand then the knob also has to be gripped by the entire hand he's not saying he gripped the knob in his opinion he said that I'm not confusing the shaft and the knob here you don't grab the knob by the shaft but you could also grab that by the knob right you can grab it by the knob because it's bigger than the shaft or it doesn't matter what size the knob is at that point right you can always grab it by the knob with the function the intended function being the knob prevents the hand from slipping off the shaft so I don't know if I made myself clear I think I've maybe talked in a big circle here but if the shaft has to have a width to allow for full hand gripping which the claim says and the claim says then even though you don't grip the knob the dimensions of the knob must be that you can also grip it with the entire hand otherwise it's going to be smaller than the shaft and it won't go down I think that's what the court was saying in his opinion it can't be gigantic otherwise it doesn't why would it be so big it would be a knob of a shaft so Mr. Anderson do you have any other questions no questions thank you Mr. Anderson you have three minutes you have to fix the clock three minutes not thirty two fifty nine thank you well with respect to counsel's attempt to talk about the answer to the court on the panel on the shaft it clearly I think I sense that the court is arguing that the judge's construction was wrong and my client's commercial embodiment where the shaft is a certain size you're going to get a bigger knob on top but the issue is really the full hand grip has to go to the length of the shaft and the claim limitation that's what it's about it's not the diameter or thickness of the shaft so full hand gripping is what is being talked about is grabbing the shaft so you're lifting up this way the patent is trying to distinguish and move on from the prior art where they had shorter shafts and they had to lift the knob from the top which strained the fingers and after a while a worker couldn't do it anymore so you gripped it this way well if you have on the accused product if you have a very narrow shaft which still provides full hand gripping then the knob can be much smaller and does not require the claim construction that the district court came up with for being gripped by the entire hand so clearly all that's required is that the knob be of a size somewhat bigger than the shaft so that when you grip it it will help restrain the hand from coming off because in reality the patent teaches when these are being used there may be a 15 or a 30 pound weight rubber weight hanging on the bottom of this to keep them from getting blown over when cars or trucks go by so when you're lifting that up it will slide off and that's all that the knob needs to do and as long as the knob is basically bigger than the shaft it will provide a stop to keep the hand. It does not require that it be full hand gripping. Does the panel have any other questions? Thank you very much. Mr. Anderson case is submitted. All rise. The noble  adjourned for the day. 1 3        5   4 3 2 1 0 So that was the interview so that concludes the presentation thank you very much. Thank you very much. 1          11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29  31 32     37 38 39 40 41 42 43 44 45 46 47 48 49 50 51 52 53 54 55 56 57 58 59         68 69 70 71 72 73 74 75 76 77 78 79 80 81 82 83 84 85 86 87 88 89 90 91 92 93 94 95 96 97 98 99 100 101 102 103 104 105 105 106 17 17 18 19 20 21 22 23 24 25 26 27 28 29      35 36 37 38 39 40 41 42 43 44 45 46 47 48 49 50 51 52 53 54    58 59 60 61 62 63 64 65 66 67 68 69 70 71 72 73 74 75 76 77 78 78 79 80 81 82   85   88 89 90 91 92 93 94 95 96 97 98 99 100 101 102 103 104 104 105 105 106 17 17 18    22 23 24 25 26  28 29 30 31 32 33 34 35 36 37 38 39 40 41 42 43 44 45 46 47 48 49 50 51 52 53 54 55 56 57 58 59 60 61 62 63 64 65 66 67 68 69 70 71 72 73 74 75 76          86 87 88 89 90 91 92 93 94 95 96 97 98 99 100 101 102 103 104              117 118 119 120 121 122 123 124 125 126 127 128 129 120 111 112